# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 10-279V

Filed: May 8, 2013

*************************************
DAVID HERNANDEZ and MELISSA     *
HERNANDEZ, legal representatives of a   *
minor child, CALEB HERNANDEZ,     *
    *
    *
    Petitioners,     *
    *
v.     *
    *
SECRETARY OF HEALTH     *
AND HUMAN SERVICES,     *
    *
    Respondent.     *
    *
*************************************

NOT TO BE PUBLISHED

**Special Master Zane**

Stipulation; attorneys' fees and costs

*A. Craig Eiland*, Law Offices of A. Craig Eiland, Galveston, TX, for Petitioners;
*Traci R. Patton*, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 6, 2013, the parties in the above-captioned case filed a Stipulation of Facts Concerning Attorneys' Fees and Costs ("Stipulation") memorializing their agreement as to the appropriate amount of attorneys' fees and costs in this case. Petitioners request a total award of $40,000.00, to which Respondent does not object.

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. If the Special Master, upon review of a timely motion to redact, agrees that the identified material fits within the categories listed above, the Special Master shall redact such material from public access. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

Subsequent to the filing of the stipulation, on May 7, 2013, Petitioners filed a Motion to Supplement the Administrative Record/Statement of Case Expenses [ECF No. 41].  In a status conference held on May 7, 2013, the parties' counsel advised that the amounts to which they agreed included the amounts that were listed in the Motion to Supplement and that a separate award for those amounts was not appropriate.  As such, the decision on the stipulation would make the motion moot.  Indeed, Petitioners' counsel represented that Petitioners did not incur personal litigation costs.  Accordingly, based on the approval of the parties' stipulation awarding attorneys' fees and costs, the Petitioners' Motion to Supplement is hereby **DENIED AS MOOT.**

Moreover, in accordance with 42 U.S.C. § 300aa-15(e), the undersigned awards the amount to which Respondent does not object.

Petitioners alleged that Caleb Hernandez suffered Kawasaki Disease as a consequence of his receipt of the Rotavirus vaccine, which is a vaccine contained in the Vaccine Injury Table, 42 C.F.R § 100.3(a), and which he received on or about April 25, 2007.  Petitioners also alleged that the residual effects of this injury lasted for more than six months and that they have not otherwise received compensation for such injuries. Petitioners sought compensation related to their son's injuries pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34.  A decision awarding compensation based upon the parties' stipulation was entered on April 12, 2013.

Although Respondent did not concede the claim, the parties, nonetheless, settled the matter, and an award of compensation was made.  Because Petitioners have been awarded compensation, Petitioners are entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e).  The undersigned also finds that the stipulated amount of $40,000.00, in attorneys' fees and costs, is reasonable based on the stage at which this matter was settled.  Based on the request's reasonableness and pursuant to Vaccine Rule 13, the undersigned **GRANTS** the parties' request as outlined in the Stipulation.  The judgment shall reflect that Petitioners are awarded attorneys' fees and costs as follows:

> **in a check made payable jointly to Petitioners (David Hernandez and Melissa Hernandez, legal representatives of a minor child, Caleb Hernandez) and Petitioners' counsel (A. Craig Eiland, of the Law Offices of A. Craig Eiland), the amount of $40,000.00, pursuant to 42 U.S.C. § 300aa-15(e);**

The court thanks the parties for their cooperative efforts in resolving this matter.  In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/ Daria Zane
Daria J. Zane
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.